IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RONG L. LILLIEROOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| STARR INDEMNITY & | ) | Case No. CIV-12-1359-D |
| LIABILITY COMPANY, a | ) | |
| foreign insurance company, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| STARR INDEMNITY & | ) | |
| LIABILITY COMPANY, a | ) | |
| foreign insurance company, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| CO-ORDINATED BENEFIT | ) | |
| PLANS, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**O R D E R**

The facts surrounding the present dispute have been set forth in the Court's Order of August 26, 2015 ("Order") [Doc. No. 179] and do not need to be restated here. In that Order, the Court directed Third-Party Plaintiff Starr Indemnity & Liability Company ("Starr") to produce, for *in camera* review, documents its

representative reviewed and relied upon in reaching an earlier settlement with Plaintiff, Rong Lillieroos. The Court found production was necessary to assist the Court in determining whether Starr had waived the attorney-client privilege by placing the advice of its counsel at issue. *See* Order at 5. In response, Starr produced four documents: (1) a memorandum from Starr counsel Doug Crosno, dated June 19, 2013, (2) another memorandum from Mr. Crosno dated December 19, 2013, (3) Plaintiff's demand letter, and (4) Starr's Mediation Statement.[1] The Court has now completed its *in camera* review of the documents and makes the following findings.

As previously noted, the doctrine of "at issue" waiver recognizes that attorney-client communications cannot be used as both a sword and shield. *Seneca Ins. Co., Inc. v. Western Claims, Inc.*, 774 F.3d 1272, 1278 (10th Cir. 2014); *Lindley v. Life Investors Ins. Co. of Am.*, 267 F.R.D. 382, 392-93 (N.D. Okla. 2010). The three factors applied to determine whether Starr has placed certain privileged documents "at issue," and thereby waived the privilege, are: (1) whether the assertion of the privilege is the result of some affirmative act, such as filing suit or asserting an affirmative defense, (2) whether the asserting party, through the affirmative act, put the protected information at issue by making it relevant to the case, and (3) whether

---

[1] John Cabrita, Starr's Associate Vice President of Business Claims, testified he reviewed these documents in connection with his evaluation of the case. Order at 9, n. 4.

applying the attorney-client privilege would deny the opposing party access to information that was vital to the opposing party's defense. *Seneca*, 774 F.3d at 1276.

Upon review of the parties' submissions, including the documents for which the attorney-client privilege is invoked, the Court finds that all of the so-called *Hearn* factors[2] militate against waiver, and that CBP's motion should be denied. As previously noted by the Court, the first two factors, assertion of the privilege as the result of an affirmative act, which renders the protected information at issue, are *crucial* requirements. *Seneca*, 774 F.3d at 1277. Simply bringing a claim for indemnification, and mere relevance of the protected information, are not enough. *Id*. at 1277-78. Here, in seeking indemnification Starr did not inject advice of its counsel into the case, nor did it rely on advice of counsel to supply an element of its indemnification claim. Starr has affirmatively asserted that it will not rely on the advice of counsel in attempting to meet its burden at trial to establish the reasonableness of the settlement.

In addition, as evidenced by the documents reviewed by Cabrita, the factual basis underlying Starr's decision to settle and seek indemnity from CBP is supported by sources beyond the communications at issue. Although Cabrita did consider counsel's advice in making the decision to settle, there is no evidence such advice

---

[2]*Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975).

controlled or otherwise substantially directed his decision. Reliance on an attorney's advice is commonplace in such matters, and the Court concludes Starr did not place such information "at issue" under the facts presented. In the Court's view, a contrary finding under the circumstances here would subject any such advice susceptible to discovery, a blanket result that neither *Seneca* nor its predecessor, *Hearn*, could have possibly intended. Moreover, counsel for CBP already has one of the documents reviewed by Cabrita and produced for *in camera* inspection: the March 11, 2014 demand letter from Plaintiff's counsel which details the "RBRVS System" allegations which were discussed during the mediation resulting in the settlement between Starr and Plaintiff. Thus, in addition to the testimony of Cabrita, other sources exist regarding the nature of the RBRVS allegations and their relative importance in the settlement context. The requirement that the information sought be "vital" to the defense (the third *Hearn* factor), "necessarily implies" that the information "is available from no other source." *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 701 (10th Cir. 1998) (citations omitted).

Starr is not here using the asserted privilege as a sword *and* a shield, and thus it has not waived the attorney-client privilege with regard to the confidential communications arising out of the underlying settlement and present action. Accordingly, CBP's Motion to Compel [Doc. No. 134] is **DENIED**. If, however,

4

Starr should change its position in this litigation and affirmatively rely on advice of counsel in establishing the elements of its cause of action, CBP may reassert its request for the information in question.

**IT IS SO ORDERED** this 8th day of February, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE